**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRINIDAD SILVESTRE-MENDOZA and GERMAN BALTAZAR-SILVESTRE,<br><br>Petitioners,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 15-71961<br><br>Agency Nos. A206-675-911<br>A206-675-912<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 5, 2018
Pasadena, California

Before: WARDLAW and PAEZ, Circuit Judges, and CHHABRIA,** District
Judge.

Trinidad Silvestre-Mendoza ("Silvestre"), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

appeal of an immigration judge's ("IJ") denial of her application for asylum and withholding of removal.[1] We review the BIA's legal determinations de novo and its factual findings for substantial evidence, *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1087 (9th Cir. 2013) (en banc), and we grant the petition and remand.

The BIA found that Silvestre failed to show that "young Guatemalan females who have suffered violence due to female gender" were socially distinct. That determination is supported by substantial evidence. However, the BIA should have considered whether "Guatemalan women" is a particular social group. "Guatemalan women" subsumes "young Guatemalan females who have suffered violence due to female gender," and it is the gravamen of Silvestre's persecution claim. In her briefing to the IJ and BIA, Silvestre-Mendoza frequently referenced violence against women generally in Guatemala rather than violence against young women specifically. *Cf. Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015). Additionally, Silvestre's evidence attests to pervasive femicide in Guatemala,[2] along with the government's attempts to combat it through specialized courts for

---

[1] Before the IJ, Silvestre also sought relief under the Convention Against Torture ("CAT"), but she did not challenge the IJ's denial of CAT relief before the BIA. In addition, Silvestre's son, German Baltazar-Silvestre, filed an application for asylum, withholding of removal, and CAT relief, which relies solely on his mother's application.

[2] Femicide is defined as violence, often murder, that occurs because the victim is a woman, rather than for any other specific reason.

femicide victims to seek justice, police officers available around the clock and allocated specifically to receive and respond to reports of femicide, special compensation for femicide victims, and mandatory sentences for perpetrators.[3] This evidence provides some support for the social group "Guatemalan women" being socially distinct, as we have recognized that legislation passed to protect a specific group can be evidence that the society in question views members of that group as distinct. *See Henriquez-Rivas*, 707 F.3d at 1092. Accordingly, we remand for the BIA to consider in the first instance[4] whether "Guatemalan women" constitutes a particular social group.

The BIA also erred in affirming the IJ's determination that Silvestre's failure to report abuse to Guatemalan police precludes her from showing that the Guatemalan government is unwilling or unable to protect her. "[W]e do not deem the failure to report to authorities outcome determinative, and we consider all

---

[3] Silvestre also submitted extensive evidence demonstrating that such efforts have been unsuccessful, due at least in part to governmental unwillingness to investigate femicide and enforce the laws against perpetrators. Accordingly, we disagree with the government's position at oral argument that the record demonstrates that Guatemala has mitigated femicide.

[4] After this case was argued and submitted on June 5, 2018, Attorney General Sessions issued his decision in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) on June 11, 2018. Whether that decision has any bearing on the question remanded here should be considered by the parties and BIA upon remand.

evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017) (en banc).

**PETITION GRANTED; REMANDED.**